**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**ERIC ALEJANDRO MAYSONET,**

      **Petitioner,**

      v.                              **CIVIL ACTION NO. 1:12cv30**
                                              **(Judge Keeley)**

**TERRY O'BRIEN, Warden,**

      **Respondent.**

**REPORT AND RECOMMENDATION**

**I.   BACKGROUND**

On February 23, 2012, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241. The petitioner paid the $5.00 filing fee on April 16, 2012. The petitioner was housed at USP Hazelton when he filed the petition[1] and is challenging the validity of his conviction and sentence. On May 30, 2012, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Therefore, the respondent was ordered to show cause why the writ should not be granted. On August 30, 2012, the respondent filed a Motion to Dismiss or, in the alternative, Motion for Summary Judgment. On September 2012, a Roseboro Notice was issued, and on September 27, 2012, the petitioner filed a reply.

**II.   FACTS**

On December 21, 2005, the petitioner pleaded guilty in the United States District Court for

---

[1] Sometime prior to January 7, 2013, the petitioner was transferred to USP Lewisburg which is located in Pennsylvania.

1

the Middle District of Florida to an information charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(c).[2] See U.S. v. Maysonnet, Criminal Case No. 8:05-cr-520-EAK-MAP, Docs. 8 and 29).[3] On December 10, 2005, prior to the petitioner's plea hearing, the United States filed a "Notice of Maximum Penalty, Elements of Offense, Personalization of Elements and Factual Basis." Id. Doc. 10. The Notice specified that the petitioner had the following prior felony convictions: (1) Felon in Possession of a Firearm and Carrying a Concealed Firearm; (2) Aggravated Battery (Pregnant Woman); and (3) Leaving the Scene of a Crash with Injuries, Battery on a Law Enforcement Officer, Burglary of a Conveyance, and Obstructing or Opposing an Officer with Violence. Prior to his sentencing hearing, the petitioner's counsel objected to consideration of the predicate offense of carrying a concealed firearm as a violent crime under 18 U.S.C § 924(e)(1), which could result in the petitioner receiving a 15 year mandatory minimum sentence, in excess of the 10-year statutory minimum sentence allowed for violation of 18 U.S.C. § 992(g) and the recommended sentencing guideline range would have applied "but for" the crime of violence characterization. Id. Doc. 22. On March 1, 2006, the petitioner was sentenced as an armed career criminal to a 188-month term of imprisonment, followed by a 60-month term of

---

[2] The affidavit in support of the criminal complaint indicates that a criminal history check conducted on the petitioner on or about September 15, 2005, revealed that he had felony convictions for felon in possession of a firearm, carrying a concealed firearm, possession of cannabis less than 20 grams, case number 00-CF-014427, aggravated battery (pregnant woman) case number 02-CF007657, leaving the scene of a crash with injuries, battery on a law enforcement officer, and obstructing or opposing an officer with violence, case number 02-CF-012125. Moreover, a search of records of the Florida Parole Commission Executive Clemency disclosed no record of the petitioner's restoration of civil rights; specific authority to receive, possess or transport in commerce a firearm; or a pardon of any kind having been granted by the governor and Cabinet of the State of Florida. See Case No. 8:05-cr-00520-EAK-MAP, Doc. 1.

[3] Available on PACER.

supervised release. Id. Doc. 27.

The petitioner appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit, claiming the district court erred in finding the petitioner's prior conviction for carrying a firearm constituted a violent felony under 18 U.S.C. § 924(e)(1) and that the petitioner's Fifth and Sixth Amendments rights were violated by that determination. See Eleventh Circuit Court of Appeal No. 06-11680-DD. The Eleventh Circuit affirmed the judgment on September 27, 2006. See United States v. Maysonet, 199 Fed. Appx. 791 (11th Cir. 2006), *cert. denied*, 127 S.Ct. 2097 (April 23, 2007).

On April 14, 2008, the petitioner filed a petition under 28 U.S.C. § 2255, claiming, among other things, ineffective assistance of counsel when counsel allowed him to be sentenced as an armed career criminal "when he did not have the qualifying prior convictions to trigger the Armed Career Criminal Enhancement." The petitioner did not elaborate further on the alleged deficiency in his prior convictions. See Maysonet v. United States, Civil Action No. 8:08-cv-716-EAK-MAP, Doc. 1. On May 13, 2008, the United States responded to the petitioner's § 2255 petition, noting his failure to explain the reasoning for his allegation. Id., Doc. 6. On June 18, 2008, the petitioner opposed the United States' response, claiming that he was sentenced erroneously as an armed career criminal, pursuant to 18 U.S.C. § 924(e) because his three prior convictions should have been counted as only one conviction since they were consolidated for conviction and sentencing under state law. The petitioner did not raise the issue as to whether carrying a concealed weapon should be considered a "violent crime." Id., Doc. 9. On October 3, 2008, the district court denied the petitioner's motion to vacate with prejudice, noting that he failed to explain his reasoning for alleging that his prior convictions did not justify enhancement of his sentence as an armed career

criminal. The court also denied him a certificate of appealability. Id., Doc. 12. Judgment was entered against the petitioner on October 6, 2008, and he did not appeal.

On July 7, 2011, the petitioner filed an application with the Eleventh Circuit for an order authorizing the filing of a second/successive petition under § 2255, claiming the recent U.S. Supreme Court decisions in Begay v. U.S., 553 U.S. 137 (2008) and Carachuri-Rosendo v. Holder, ___ U.S. ____, 130 S.Ct. 2577 (2010), supported his § 2255 claims. See In Re: Eric Maysonet, Appeal No. 11-13052-E, Motion, U.S. Court of Appeals for the Eleventh Circuit. On August 1, 2011, the Eleventh Circuit recognized the petitioner was asserting two issues: (1) "actual innocence" of the sentencing enhancement under the ACCA because his conviction for carrying a concealed weapon is not a crime of violence, and (2) actual innocence of being a felon in possession of a firearm because he was not a felon at the time he was convicted of the § 922(g) violation. The court, however, found that, even if the petitioner had filed a timely motion for a second/successive petition, neither Begay nor Carachuri-Rosendo announced a new rule of constitutional law that applied to his circumstances nor had either been made retroactive to cases on collateral appeal. Id.

### III. ISSUES PRESENTED

In his pending § 2241 petition, the petitioner alleges that the remedy under 28 U.S.C. § 2255 is inadequate or ineffective and raises the following claims for habeas relief:

1. The Middle District of Florida, the district court of conviction, did not have subject matter jurisdiction over him because he is actually and legally innocent of the § 922(g) charge because

    a. he does not have three prior "felony convictions" for purposes of the ACCA;

    b. His three prior convictions resulted from pleas and therefore were not predicates for purposes of the ACCA;

   c. the first predicate offense was not a violent crime;

   d. the first predicate offense was a juvenile conviction which cannot serve

   as a predicate offense for the ACCA;

 2. He did not knowingly, voluntarily and intelligently enter into his plea of guilty to the § 922(g) charge;

 3. The Middle District of Florida abused its discretion when it sentenced him pursuant to the ACCA as an habitual offender pursuant to 18 U.S.C. § 924(e);

 4. The pre-sentence report was incorrect regarding his criminal history in that all three prior convictions were juvenile convictions and upon his completion of "boot camp" were reduced to misdemeanors;

 5. His counsel was ineffective in objecting to the PSR;

 6. The Government breached its contract by not honoring the 13th Judicial Circuit Judge's ruling that once he completed "boot camp" for his prior convictions, he no longer would be considered a felon for purposes of the three underlying convictions for which his federal sentence was enhanced.

 For relief, the petitioner seeks to have his "indictment, conviction, and sentence set aside, vacated and dismissed;" his conviction and sentence vacated and remanded for sentencing; and/or for the Court to order an evidentiary hearing so he can prove his factual/actual and legal innocence.

 In support of his Motion to Dismiss or, in the alternative, for Summary Judgment, the respondent argues that the petitioner's claims do not merit relief under §2241. In addition, the respondent argues that the petitioner is not "innocent" of his § 922(g) conviction. The respondent also maintains that the petitioner's predicate offense were not juvenile convictions, but rather, state

felony convictions.

In reply to the respondent's Motion to Dismiss or for Summary Judgment, the petitioner argues in Begay and Chamber[4], the Supreme Court resolved an open question regarding the kind of crime that falls within the meaning of "violent felony" under the ACCA," and by implication, the career offender guideline. The petitioner reiterates his claim that these decisions make it clear that at the time of his federal sentencing, he did not qualify as an armed career offender, and an additional five years of incarceration were imposed without any legal justification.

### III. STANDARD OF REVIEW

#### A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that

---

[4]The petitioner supplies no citation, however the undersigned assumes he is referring to Chambers v, United States, 555 U.S. 122 (2009).

a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir.2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir.2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir.2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of Rule 56 summary judgment motions in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 91977). So too, has the Fourth Circuit Court of Appeals. Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Pursuant to Rule 56c of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Motions for summary judgment impose a difficult standard on the moving party; for it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. Federal Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242-252 (1986). To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, 477 U.S. at 248. It is well recognized that any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Industrial Co. V. Zenith Radio Corp., 475 U.S. 574, 587-88 1986)

### IV. ANALYSIS

The primary means of collaterally attacking a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255. A § 2241 petition is used to attack the manner in which a sentence is executed. Thus, a § 2241 petition that challenges a federal conviction and sentence is properly construed to be a § 2255 motion. The only exception to this conclusion is where a § 2241 petition attacking a federal conviction and sentence is entertained because the petitioner can satisfy the requirements of the "savings clause" in § 2255. Section 2255 states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255 (emphasis added).

The law is clearly developed, however, that merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal, does not demonstrate that the § 2255 remedy is inadequate of ineffective. In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997). Moreover, in Jones, the Fourth Circuit held that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping[5] provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000).

Therefore, the remedy provided under §2255(e) opens only a narrow door for a prisoner to

---

[5]The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. §2255; see Jones. 226 F.3d at 330.

challenge the validity of his conviction or sentence under §2241. Based on the language in Jones it is clear the Fourth Circuit contemplated a situation in which a prisoner is imprisoned for an offense which is no longer a crime.

Conversely, until recently, the Eleventh Circuit had indicated that the savings clause of § 2255 may permit a petitioner to bring a claim under § 2241 when:

> (1) th[e] claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of the Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised petitioner's trial, appeal, or first § 2255 motion.

Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999). However, in 2011, the Eleventh Circuit revisited the Wofford standard and "retreated from the purported three-factor test enumerated in Wofford, calling it 'only dicta,' and explaining that [t]he actual holding of the Wofford decision...is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013) citing Gilbert v. United States, 640 F.3d 1293, 1319 (11th Cir. 2011 (en banc), *cert. denied*, 132 S.Ct. 101 (2012). The Eleventh Circuit then held that "the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Turner at 1333-34 citing Gilbert at 1323. However, the Gilbert decision left open the question of whether the savings clause would permit a prisoner to open the § 2241 portal if he claimed a "pure Begay error" which would be an error in the application of the violent felony enhancement as defined by the ACCA in 18 U.S.C. § 924(e)(2)(B). The Turner decision then concluded that "[t]he upshot of Gilbert, then is that the last bastion in which a petitioner claiming

10

an error in the application of the sentencing guidelines can possibly seek through a § 2241 is when his claims involve an intervening change in the law that renders erroneous the ACCA violent felony enhancement used to enhance his sentence beyond the statutory maximum." Turner at 1334.

As previously noted, the petitioner advances two arguments in support of his petition under § 2241. First, he alleges that he is actually innocent of the 922(g) charge. This statute provides that "[i]t shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition...." The petitioner pleaded guilty to a complaint charging him with being a convicted felon in possession of a firearm. The petitioner now argues that the decision in Carachuri establishes that he was not a felon for purposes of this statute.

In Carachuri-Rosendo, the Supreme Court held that for a conviction to qualify as an "aggravated felony" under the Immigration and Naturalization Act, "the defendant must *also* have been *actually convicted* of a crime that is itself punishable as a felony under federal law." As the Court further explained:

> the defendant must have been *actually convicted* of a crime that is itself punishable as a felony under federal law. The mere possibility that the defendant's conduct, coupled with facts outside the record of conviction, could have authorized a felony conviction under federal law is insufficient to satisfy the statutory command that a noncitizen be 'convicted of a[n] aggravated felony' before he loses the opportunity to seek cancellation of removal.

*Carachuri-Rosando* at 2589 (quoting 8 U.S.C. § 1229b(a)(3)).

Extrapolating from this decision, the petitioner appears to argue that he is actually innocent of the 922(g) conviction because he was not a "felon" at the time of his conviction. The petitioner

11

expounds on this argument by maintaining that his three Hillsborough County, Florida convictions could not be felonies because he entered a "no contest" plea, and the state did not proffer anything concerning what the state would prove at trial. He further alleges that these three convictions resulted in concurrent sentences of an approximately ten month sentence of boot camp with two years probation. The petitioner further argues that he was juvenile at the time of his convictions in state court, and therefore, they cannot support a determination that he was a convicted felon in possession of a firearm.

The petitioner's arguments are unavailing. 18 U.S.C. § 922(g)(1) provides that it shall be unlawful for any person who has been convicted any court of, a crime punishable by imprisonment for a term of exceeding one year, to possess any firearm. Among the exhibits the respondent provided in support of its Motion for Summary Judgment is the Declaration of Christine A. Hatten, a United States Probation Officer assigned to the District Court for the Middle District of Florida. (Doc. 25-4). Attached to her Declaration are records concerning three separate state criminal convictions regarding the petitioner. Each resulted in a *nolo contendre* plea, and he was sentenced on all three convictions by the state circuit court in adult court. In each case, he was committed to the custody of the Department of Correction for a term of four years, with the sentences to run concurrently. The undersigned recognizes that the petitioner was accepted into boot camp and was released on November 6, 2003. However, the fact remains that he was convicted of a crime punishable by imprisonment for a term exceeding one year. Therefore it is clear that the petitioner was properly convicted on the 922(g) charge.

The petitioner's second argument in support of § 2241 petition is that he is actually innocent of his sentence under the Armed Career Criminal Act. The petitioner is referring to 18 U.S.C. §

924(e)(1), which provides as follows:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g).

The "elements" clause of the ACCA provides that a crime is a "violent felony" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(I). The "residual" clause of the ACCA provides that a crime is a "violent felony" if it is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).

The predicate crimes involved in this matter are: (1) Felon in Possession of a Firearm and carrying a Concealed Firearm; (2) Aggravated Battery (Pregnant Woman); and (3) Leaving the Scene of a Crash with Injuries, Battery on a Law Enforcement Officer. The petitioner does not appear to contest that the second and third predicate offenses qualify as violent felonies. However, he maintains that the first predicate offense, Felon in Possession of a Firearm and carry a Concealed Weapon does not. In making this argument, the petitioner relies on Begay and Chambers. In Begay, the Court held that a felony offense of "driving under the influence," according to a New Mexico Statute, was not a "violent felony" for purposes of the ACCA and 18 U.S.C. § 924(e). Begay v. U.S., 553 U.S. 137, 138 (2008). In Chambers, the Court held that an Illinois failure-to-report offense did not have as an element the use, attempted use, or threatened use of physical force, and was a

13

relatively passive offense that did not involve conduct presenting a serious potential risk of physical injury to another, so as not to qualify as a violent felony under the ACCA. Chambers v. United States, 555 U.S. 122 (2012).

In 2008, the Eleventh Circuit applied the Begay rationale in analyzing the nature of the conviction for "carrying a concealed firearm" within the meaning of the U.S. Sentencing Guidelines ("USSG') Section 431.1 career offender enhancement and found that carrying a concealed firearm was **not** a "crime of violence" for purposes of the USSG. U.S. v. Archer, 531 F.3d 1347 (11th Cir. 2008). Subsequently, the Eleventh Circuit held that carrying a concealed firearm is **not** a "violent felony under the ACCA. U.S. v. Canty, 570 F.3d 1251, 1255 (11th Cir. 2009). Therefore, under Eleventh Circuit precedent, it appears that the plaintiff may be actually innocent of the ACCA enhancement entitling him to open the § 2241 portal as announced in Turner, supra.

Courts are virtually unanimous in their recognition that the original sentencing court is the preferred forum for addressing the merits of a claim which attacks the validity of a conviction and/or sentence. Indeed, one of the reasons Congress enacted section 2255 was to alleviate the "difficulties in obtaining records and taking evidence in a district far removed from the district of conviction." In re Jones, supra at 332, citing U.S. v. Hayman, 342 U.S. 205 (1952). Furthermore, in addition to the practical difficulties presented by litigating the validity of convictions far from the relevant court records and witnesses, there is also the more fundamental question as to whether the issues normally raised in a challenge to a conviction and sentence are ones over which the district of incarceration has jurisdiction. Indeed, even if the judgment of the United States District Court for Middle District of Florida could be vacated by this Court, the question would remain whether this Court has the authority to re-sentence the petitioner, should the law allow such re-sentencing. Furthermore, to the petitioner's

detriment, his conviction would remain a matter of public record in the district of conviction with potential collateral consequences, and the Government would lose the opportunity to present record evidence beyond that which is presently available to this Court regarding the conduct upon which he was convicted. The question remains, however, as to the proper method of transferring this case to the Middle District of Florida.

A review of other jurisdictions sheds some light on the matter. In some instances, District Courts have simply transferred section 2241 petitions outright to the districts of conviction based on the simple recognition that such a transfer "is consistent with the dichotomy that Congress established between the responsibilities of the sentencing court and those of the court in the district of incarceration." Conley v. Crabtree, 14 F.Supp. 2d 1203, 1207 (D.Or. 1998).[6] Likewise, the Middle District of Pennsylvania effected a straightforward transfer of a section 2241 petition to the Western District of North Carolina, where the petitioner had been convicted and sentenced. See Alamin v. Gerlinski, 30 F. Supp.2d 464 (M.D. Pa. 1998). After the Fourth Circuit refused his request to file a second section 2255 petition, the petitioner filed a section 2241 petition where he was incarcerated. Noting that there was a "factual dispute" between the parties as to whether the petitioner was "really innocent" of the Section 924(c)(1) conviction, the District Court for the Middle District of Pennsylvania, citing the Conley case, transferred the petition to the Western District of North Carolina:

> The witnesses,...the lawyers, the record and other evidence relevant
> to this issue are either in the district of conviction or closer to it than
> to the Middle District of Pennsylvania. This petition should therefore
> be transferred to the Western District of North Carolina.

---

[6]The Conley Court concluded that the district of confinement where the section 2241 petition is filed should make the "threshold determination" of whether a petition falls '"within the narrow class of cases" where a section 2241 petition is the appropriate mechanism to challenge the validity of a conviction and sentence." Id. at 1206.

Id. at 468.  Upon transfer, the Western District of North Carolina granted the writ of habeas corpus pursuant to section 2241, set aside the conviction, and vacated the sentence which had been imposed for the violation of Section 924(c)(1). Alamin v. Zerlinski, 73 F.Supp. 2d 607, 612 (W.D.N.C. 1999).

Although this method proved successful in the Conley and Alamin cases, and perhaps in others, a potential problem is presented by the language of the transfer statute, which provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any civil action to any other district or division **where it might have been brought or to any district or division to which all the parties have consented**." Title 28 U.S.C. Section 1404(a). (emphasis added).  Since a prisoner can only bring a Section 2241 claim in the district of incarceration, at least one Court has held that Section 1404(a) will not support a transfer to another jurisdiction. See Lee v. Wetzel, 2414 F.3d 370 (5th Cir. 2001).[7]  Moreover, the parties in this matter have neither suggested nor consented to a transfer.

The Third Circuit has adopted a different approach to handling situations such as the one facing this Court.  Specifically, that Circuit has used the All Writs Act to resolve potential jurisdictional issues in transferring a section 2241 petition to the district of conviction. See In re Nwanze, 242 F.3d 521 (3rd Cir. 2001).  In that case, Nwanze filed a section 2241 petition in the Western District of Pennsylvania, where he was confined.  The Court, stating that it was "persuaded by the logic of the Alamin example, found that "resort to section 2241 relief was warranted" and transferred the petition to the Eastern District of Pennsylvania. Nwanze v. Hahn, 97 F.Supp.2d 665, 671 (W.D. Pa. 2000).

Nwanze then appealed the transfer to the Third Circuit.  Acknowledging that although Nwanze should ordinarily challenge his conviction in the sentencing court rather than the Court in the district

---

[7]"[W]e have firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's section 2241 petition." Id. at 373.

where he was confined, the "gate-keeping" provisions in section 2255 had "foreclosed that possibility" as evidenced by the fact that the Fourth Circuit had already denied him authorization to file a second or successive 2255 motion.[8] "[I]f the gate closed by section 2255 somehow could be opened in the Eastern District of Virginia, Nwanze should seek relief there, as that exercise of jurisdiction would be in harmony with the congressional jurisdiction scheme in sections 2241 and 2255." Id. at 525. "One way to open the gate, albeit indirectly, would be to allow the petitioner to seek habeas corpus relief under section 2241." Id. In that regard, the Court stated that although transfer of such a case would certainly be "in furtherance of the convenience of the parties," it nonetheless did not believe that the district of confinement could transfer a section 2241 petition to the district of conviction and have it thereafter continue to be treated as a section 2241 petition in the sentencing District:

> We have serious doubt that the transfer of the case can be justified on the theory that Nwanze could have brought his habeas corpus petition in the district court in the Eastern District of Virginia, and if not, it would be difficult to justify the transfer order on that basis.

Id. at 525 (citations omitted). Determining that it need not "be overly concerned with the limitations on transfer in Section 1404(a)," the Court relied upon the "plausible argument that as Nwanze had no other remedy in the District of his conviction and sentencing, the Court of Appeals for the Fourth Circuit would approve of the District Court's exercise of jurisdiction under the All Writs Act, to grant him a Writ of Error *Coram Nobis*," Id. (Citations omitted) Title 28 U.S.C. § 1651(a). Based on its good faith belief that the Eastern District of Virginia would exercise its jurisdiction, consider Nwanze's petition on the merits, and "follow the logic" of the cases allowing *coram nobis*, the Court stated that: "If such be the case, then the District Court in the Western District of Pennsylvania would not have

---

[8] Likewise, the Eleventh Circuit has already denied the petitioner's request to file a second or successive § 2255 petition.

transferred the case to a court without jurisdiction." Id.

More recently, the District Court for the District of New Jersey also transferred a section 2241 petition to the district of conviction by construing it as a petition under the All Writs Act. See Short v. Shultz, 2008 WL 305594 (D.N.J.2008). The Court specifically relied upon the Nwanze case and its use of the All Writs Act to effect a transfer of Short's claim to the district of conviction.

Accordingly, as set forth above, courts have successfully transferred section 2241 petitions to the appropriate districts of conviction using the All Writs Act. Title 28 U.S.C. Section 1651. That Act grants authority to district courts to entertain and issue "all writs necessary in aid of their respective jurisdiction and agreeable to the usages and principles of law." Id. While Rule 60e of the Federal Rules of Civil Procedure expressly abolished several common law writs in civil proceedings, including *coram nobis* and *audita querela*, the Supreme Court has nonetheless recognized and upheld the continued availability of the writ of error *coram nobis* in criminal cases as a remedy for the most fundamental of error, where no other remedy is available, and where valid reasons exist for the petitioner's failure to seek relief earlier. See United States v. Morgan, 364 U.S. 502, 512-513 (1954).

Accordingly, the undersigned believes that the Court should treat the petition herein as a *coram nobis* petition under the All Writs Act and transfer it to the Middle District of Florida. While the petitioner could not have brought a section 2241 petition there, he certainly could have filed a petition for a writ of *coram nobis*. A transfer is therefore sustainable under Section 1404(a) because the Court is treating the Petition under the All Writs Act as a *coram nobis* petition, and by so construing it, is transferring it to the district in which it could and should have been filed. The decision as to whether to accept such a transfer is ultimately that of the Middle District of Florida. Likewise, it is up to the Middle District of Florida whether it will actually address the merits of the petitioner's claims

### IV. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the respondent's Motion to Dismiss or, in the alternative, for Summary Judgment (Doc. 24) be **DENIED,** the Petition be construed as a *coram nobis* petition under the All Writs Act and transferred to the Middle District of Florida.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet..

DATED: June 12, 2013

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE